[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

 

No. 97-2211

 LOCAL 254, SERVICE EMPLOYEES
 INTERNATIONAL UNION, AFL-CIO,

 Petitioner, Cross-Respondent,

 v.

 NATIONAL LABOR RELATIONS BOARD,

 Respondent, Cross-Petitioner.

 

 ON PETITION FOR REVIEW OF AN ORDER

 OF THE NATIONAL LABOR RELATIONS BOARD

 

 Before

 Stahl, Circuit Judge,

 Cyr, Senior Circuit Judge,

 and Lynch, Circuit Judge.

 

 John D. Burke, with whom Gabriel O. Dumont, Jr. and Law Office
of Gabriel Dumont were on brief, for petitioner.
 Daniel J. Michalski, Attorney, with whom Fred L. Cornnell,
Supervisory Attorney, Frederick L. Feinstein, Acting General
Counsel, Linda Sher, Associate General Counsel, and Aileen A.
Armstrong, Deputy Associate General Counsel, were on brief, for
respondent.

 
 May 11, 1998

 Per Curiam. Local 254, Service Employees International
Union, AFL-CIO ("the Union") petitions this court for review of
a NLRB decision finding that the Union engaged in unfair labor
practices, in violation of the "secondary boycott" provisions
of the NLRA, 29 U.S.C. 158(b)(4)(ii)(B). The Union's sole
argument on appeal is that the Board erred in concluding that
Massachusetts Bay Community College was not a "joint employer"
of certain cleaning workers who were directly employed by Aid
Maintenance Co., Inc., and that the Union's picketing and other
activities at the College therefore did not constitute unlawful
"secondary" activity.
 We do not agree. The question whether the College was a
"joint employer" of the Aid Maintenance cleaners is a factual
one. See Holyoke Visiting Nurses Ass'n v. NLRB, 11 F.3d 302,
306 (1st Cir. 1993). Having carefully reviewed the record and
the parties' submissions, we conclude that the ALJ's decision
on this factual issue, as adopted by the Board, is supported by
substantial evidence on the record considered as a whole. The
Board's order as it pertains to the Aid Maintenance case is,
therefore, entitled to be enforced.
 We note, additionally, that this matter originally
involved two sets of unfair labor practice charges, one filed
by Aid Maintenance and the other by Women and Infants Hospital. 
The Union has not petitioned for review of the Board's decision
as to the charges filed by the Hospital. Thus, the Board is
also entitled to enforcement of its order as it pertains to the
Hospital's case.
 For the reasons stated, the Union's petition is denied,
and the Board's cross-application for summary enforcement is
granted.

 So Ordered.